IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CARLOS BESA-GARI,<br>Defendant. | CRIMINAL NO. 09-334 (PG) |

**PLEA AGREEMENT**
[Pursuant to Rule 11(c)(1)(A) & (B) FRCP]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, Maria Dominguez, First Assistant United States Attorney, and Jeanette Mercado-Ríos, Assistant United States Attorney for said District, and CARLOS BESA-GARI, defendant, by and through defendant's counsel, Ramon Gonzalez, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count FIVE of the Indictment, charging the defendant, aided and abetted by co-defendants Ferdinand Soto-Santiago and Roberto Rivera-Rivera aka "Tortolo," with knowingly and intentionally importing into the United States, from a place outside thereof, one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section 952(a) and 960(a)(1)&(b)(1)(B) and Title 18, United States Code, Section 2.

2. **STATUTORY PENALTIES**

The defendant understands that the penalty for the above mentioned count is as follows: a term of imprisonment of not less than ten (10) years and not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 United States Code, or $4,000,000.00, and a term of supervised release of not more than five (5) years. The Court must impose a mandatory penalty assessment of one hundred dollars ($100.00).

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09 -334 (PG)*

The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, the defendant acknowledges that parole has been abolished.

3. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States, in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may impose restitution. As part of this plea agreement, the defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing.

Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; ( c ) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

## 8. SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree as to the following Sentencing Guidelines calculations:

| GUIDELINES CALCULATION | |
|---|---|
| **GUIDELINE SECTION** | **PLEA OFFER** |
| Base Offense Level   (*3 kg but less than 10 kg of heroin*) USSG §2D1.(3) | 34 |
| However, as the defendant is a career criminal (USSG § 4B1.1(a), (b) | 37 |
| Acceptance of Responsibility | -3 |
| **ADJUSTED OFFENSE LEVEL** | **34** |
| Criminal History Category (USSG § 4B1.1(b) | VI |
| **POTENTIAL GUIDELINE RANGE** | 262-327 |

## 9. SENTENCE RECOMMENDATION

The parties understand that the defendant's career criminal offender status triggers his base offense level to 37 instead of 34 (without acceptance of responsibility), which would be the base offense level for the amount of drugs stipulated and a CHC of VI. Presently the defendant's sentencing exposure is 262 months to 327 months term of imprisonment if the Court finds him to be a career offender. The parties defer to the discretion of the Judge. Should the Court sentence the defendant outside of the career criminal category, the defendant would be exposed to a term of imprisonment of one hundred and eighty-eight (188) months to two hundred and thirty-five (235) months imprisonment. In such a case, the United States would recommend and the defense would agree to a sentence at the lower end of the applicable guideline or to one hundred and eighty-eight (188) months imprisonment.

## 10. FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE

The United States and the defendant agree that <u>no further adjustments or departures</u> to the defendant's total adjusted base offense level and <u>no variance of the sentence</u> under Title 18, <u>United States</u>

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09 -334  (PG)*

Code, §3553 **shall be sought by the parties, other than the defense request for the Court to sentence him outside of the career offender category.** The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

**11.    NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

**12.    DISMISSAL OF INDICTMENT AND OF SUPERSEDING INDICTMENT**

Counts ONE thru FOUR and SIX of the Indictment will be dismissed at sentencing.

**13.    SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with his legal counsel, Luis I. Santiago-Gonzalez, Esquire, and indicates that counsel has rendered effective legal assistance.

**14.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.    If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09 -334  (PG)*

all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**15.  STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

**16.  LIMITATIONS OF PLEA AGREEMENT**

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

**17.  ENTIRETY OF PLEA AGREEMENT**

This written agreement and the supplement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

**18.   AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

**19.   WAIVER OF APPEAL**

The Defendant hereby agrees that if this Honorable Court accepts this plea agreement and sentences the Defendant according to its terms, conditions and recommendations, the defendant waives and surrenders the right to appeal the judgment and sentence in this case.

**20.   VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY

MARIA DOMINGUEZ
First Assistant United States Attorney
Date: 12-13-10

JEANETTE MERCADO-RIOS
Assistant United States Attorney
Date: 3 August 2010

RAMON GONZALEZ
Attorney for defendant
Date: 9/20/10

CARLOS BESA-GARI
Defendant
Date: 9/20/10

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09-334 (PG)*

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

_9/20/10_  
Date

_Carlos Beza_  
**CARLOS BESA-GARI**  
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

_9/20/10_  
Date

**RAMON GONZALEZ, esq.**  
Counsel for the Defendant

## VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 21, United States Code, Section 952, 960(a)(1) & (B)(1)(B) and Title 18, United States Code, Section 2.

If this matter had proceeded to trial, the United States would have presented evidence through live testimony, physical evidence, and documentary evidence, which would have proven beyond a reasonable doubt the following:

In the early morning hours, on September 30, 2009, the United States Coast Guard detected a yola type vessel (PR-3165 FF) navigating with no lights. The Coast Guartd boarded the vessel where defendant Carlos Besa-Gari and his co-defendants were located. An ion scan inspection of the vessel resulted positive for the presence of cocaine on the bow of the vessel. The vessel and the crew were escorted to the port of Aguadilla, Puerto Rico. The investigation revealed that the three defendants smuggled narcotics from the Dominican Republic into Puerto Rico on board the yola type vessel. The defendants met with another vessel near the Dominican Republic and transferred one hundred and thirty (130) kilograms of cocaine and six (6) kilograms of heroin into their vessel. While near the coast of Puerto Rico, the defendants detected the Coast Guard and threw the packages of narcotics into the water, which were found thereafter. The DEA lab, through analysis, confirmed the heroin and cocaine inside the packages.

Defendant Carlos Besa-Gari aided and abetted by his co-defendants, knowingly and intentionally imported into the United States, from a place outside thereof, one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section 952(a) and 960(a)(1)&(b)(1)(B) and Title 18, United States Code, Section 2.

The evidence the United States would have used in trial, in the form of testimonial, physical and documentary evidence includes drugs, photographs, lab analysis reports, and have been provided to the defense in accordance with the Federal Rules of Evidence and this Court's order. The defendant agrees that

*Plea Agreement United States v. Carlos Besa-Gari" Crim. No. 09 -334 (PG)*

the United States has provided discovery in this case. Had this case gone to trial, the United States would have also presented the testimony of law enforcement officers, such as the Coast Guard, CBP, ICE and the chemist.

_Carlos Beza_
**CARLOS BESA -GARI**
Defendant
Date: 9/20/2010

_Jeanette Mercado_
**JEANETTE MERCADO-RIOS**
Assistant United States Attorney
Date: 13 August 2010

_Ramon Gonzalez_
**RAMON GONZALEZ, esq.**
Counsel for the Defendant
Date: 9/20/2010

*Plea Agreement United States v. Carlos Besa-Gari" Crim. No. 09 -334 (PG)*